UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN REYNOSO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAMUEL PASCASIO, an individual;<br>FALEY DOE, an individual,<br><br>　　　　　　　　　　Defendants. | Case No.: 20CV1425-GPC(LL)<br><br>**ORDER GRANTING THIRD PARTY UNITED STATES' MOTION TO SUBSTITUTE IN PLACE OF INDIVIDUAL DEFENDANTS AND GRANTING UNITED STATES' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>[Dkt. No. 2.] |

　　　　Before the Court is Third Party United States' motion to substitute the United States as a defendant in place of the individual defendants Samuel Pascasio and Fely Cruz (erroneously sued as Faley Doe), and once substituted, the United States moves to dismiss the complaint for failure to exhaust administrative remedies.  (Dkt. No. 2.)  Plaintiff, proceeding pro se, did not file an opposition.  Based on the reasoning below, the Court GRANTS the United States' motion to substitute itself in place of individual Defendants Samuel Pascasio and Fely Cruz (erroneously sued as Faley Doe) and GRANTS the United States' motion to dismiss for failure to exhaust administrative remedies.

1

20CV1425-GPC(LL)

## Background

On July 24, 2020, the United States removed the case to this Court. On March 12, 2020, Plaintiff Juan Reynoso, proceeding *pro se*, initiated this action by filing a Request for Civil Harassment Restraining Orders in Case No. 37-2020-00013447-CU-HR-CTL in the Superior Court for the State of California, County of San Diego alleging that Defendants Samuel Pascasio and Fely Cruz (erroneously sued as Faley Doe), while employed by the Department of Veterans Affairs, negligently and wrongfully harmed him. (Dkt. No. 1-2.)

Plaintiff alleges that on March 4, 2020, he went to the VA hospital for dialysis treatment. (*Id.* at 9.[1]) After he was on the dialysis machine for an hour, he started getting muscle cramps and called out to Pascasio to help him stretch his muscles and relieve the pain, but instead, Pascasio changed the settings on the machine to a different profile purposefully to cause excruciating pain. (*Id.*) Plaintiff asked Pascasio to change the settings back and he complied but it was too late and his muscles were cramping for the duration of the treatment. (*Id.*) He had to call the nurses three times to relieve the pain. (*Id.*) At the conclusion of the treatment, Pascasio sarcastically made comments about Plaintiff's pain and "pulled my catheter as a reference to our conflict in the past." (*Id.*) Plaintiff explains that he and Pascacio have had an ongoing conflict for the past four or five years. (*Id.*) Plaintiff also alleges that "[e]ver [s]ince" he began "receiving dialysis treatment at the VA hospital, the VA police, patient advocate, dialysis manager, and the charge nurse have influenced all of the nurses and technicians to retaliate against [him] to cause [him] excruciating pain." (*Id.*)

Plaintiff further claims that Defendant Fely Cruz (erroneously sued as Faley Doe) "works with VA police" to commit police brutality against him whenever he asks the nurse not to change his settings. (*Id.* at 10.) She also walks away when he is in

---

[1] Page numbers are based on the CM/ECF pagination.

excruciating pain on the dialysis machine and no other nurses come to help him. According to Plaintiff, it is the VA's policy to have a nurse check the dialysis machine every thirty minutes but Faley is neglectful and takes naps in the break room while he is on the machine. (*Id.*)

## Discussion

**A.   Third-Party Motion to Substitute**

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2680 ("FTCA") provides that a suit against the United States shall be the exclusive remedy for persons alleging damages resulting from the negligent or wrongful acts or omissions of federal employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1).

"Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose" any civil action in state court shall be removed by the Attorney General to the district court. 28 U.S.C. § 2679(d)(2). It further provides that any such civil action shall be deemed an action against the United States and the United States shall be substituted as the defendant. *Id.* §§ 2679(d)(1)-(2). Assistant United States Attorney Brett Norris, Deputy Chief of the Civil Division, has certified that at the time of the conduct alleged, Samuel Pascasio and Fely Cruz (erroneously sued as Faley Doe) were acting within the scope of their employment as employees of the Department of Veterans Affairs. (Dkt. No. 1-3.) Because Plaintiff's negligent and wrongful claims against these federal employees arising within their scope of employment must be brought against the United States, the Court GRANTS Third-Party United States' motion to substitute itself in place of Samuel Pascasio and Fely Cruz (erroneously sued as "Faley Doe"). *See Hui v. Castaneda*, 559 U.S. 799, 801 (2010) ("When federal employees are sued for damages for harms caused in the course of their employment, the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–2680, generally authorizes substitution of the United States as the defendant.").

/ / /

## B. Exhaustion

The FTCA "waives the sovereign immunity of the United States for actions in tort" and "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). However, before a plaintiff can sue a government employee under the FTCA for personal injuries due to negligent or wrongful conduct, one must exhaust the administrative remedies for the claim. 28 U.S.C. § 2675(a)[2]. The exhaustion requirement is jurisdictional and may not be waived. *Jerves*, 966 F.2d at 519; *McNeil v. United States*, 508 U.S. 106, 113 (1993) (describing exhaustion as a "clear statutory command"). Per section 2675(a), an administrative claim is deemed exhausted once the agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing. 28 U.S.C. § 2675(a).

Here, the Office of the General Counsel, Department of Veteran's Affairs has searched its database and there is no record of an administrative tort claim filed by Plaintiff Juan Reynoso. (Dkt. No. 2-1, Hernandez Decl. ¶¶ 2-4.) Because Plaintiff has not alleged or shown he has exhausted administrative remedies and the Department of Veteran's Affairs does not have a record of any claim, the Court GRANTS the United States' motion to dismiss for failure to exhaust administrative remedies.

/ / /

/ / /

/ / /

---

[2] 28 U.S.C. § 2875(a) provides that "(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2875(a).

## Conclusion

Based on the above, the Court GRANTS Third Party United States' motion to substitute itself in place of individual Defendants Pascasio and Cruz and GRANTS United States' motion to dismiss for Plaintiff's failure to exhaust administrative remedies. The Clerk of Court shall close the case.   The hearing set on September 4, 2020 shall be **vacated**.

IT IS SO ORDERED.

Dated:  August 31, 2020

Hon. Gonzalo P. Curiel
United States District Judge